IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID R. KAUFFMAN,                          :
              Plaintiff                      :
       v.                                    : Case No. 3:23-cv-239-KAP
BARRY SMITH, *et al.*,                       :
              Defendants                     :

Memorandum Order

     Plaintiff has filed two sets of motions for service by the Marshal and to extend time for service. ECF no. 6, ECF no. 9, ECF no. 10, ECF no. 11. Plaintiff filed a complaint (69 pages long with, depending on how one counts the John Doe defendants, approximately 75 defendants) subject to the Prison Litigation Reform Act in early October 2023. I advised plaintiff, who is not proceeding *in forma pauperis,* that he must serve the defendants as provided in Fed.R.Civ.P. 4(m). So far, my deputy clerk has received several Marshal Service forms (USM-285) and handwritten waivers of service for a subset of the defendants, but no complaints. Yesterday the Clerk's Office received a check for $6.90 requesting a copy of the complaint, and additional USM-285s and waiver forms.

     Plaintiff's motions make the following assertions: 1) that he sent a check for $13.80 with the filing fee when he filed the complaint, for two date stamped copies of the complaint; 2) that he did not keep a copy of his complaint; 3) that when he received my notice under Rule 4(m) I did not send him the two copies of his complaint he had paid for, nor did I send him summonses, USM-285s, or waivers; and 4) that he proposes that I screen the complaint before service because he plans to amend it.

     Plaintiff appears to be correct that with the filing fee he sent $13.80, presumably for two copies of the complaint. The Clerk's records show the receipt of $415.80 on October 3, 2023. As best as I can deduce, the deputy clerks responsible for docketing the matter noted the payment of the filing fee but did not note on the public docket the receipt of the $13.80, nor did they document that anything was sent to plaintiff.

     Separate individuals would have been responsible for the receipt of the check, the docketing of the receipt, and the duplication and mailing of the requested copies. The result is my problem, but it can be remedied as follows: the Clerk's Office in Johnstown will make three copies (two requested in October, one yesterday) of the 69-page complaint at ECF no. 1, and mail them to plaintiff at his current address, together with additional USM-285s and waiver forms.

     Since this matter is in the Johnstown division, plaintiff should address any future correspondence concerning it to the Clerk's Office at Room 206/ Penn Traffic Building/

319 Washington Street/ Johnstown PA 15901. Plaintiff can continue to use the Clerk's Office Pittsburgh address if he wishes but the additional leg in the journey of any paperwork may delay his case somewhat. Plaintiff's assumption that I have some duty to send him forms is incorrect. He can request forms from the Clerk, as he has in his most recent correspondence. The Marshal will contact him for payment of service costs when the Clerk sends them a packet of service-ready complaints.

Plaintiff's proposal that I screen the complaint so that he can then amend it and that the complaint (assuming plaintiff is satisfied with my second screening) then be served is rejected. The duty that the PLRA imposes on the court to screen the complaint as soon as practicable does not enlist the court as plaintiff's copy editor. In the normal course of business, I screen some complaints when received and in others I order service and then screen the complaint in conjunction with a motion or motions to dismiss. I have seen some screenings that are effectively two sentences long: "The complaint violates Rule 8 and Rule 20. Try again." The standard in this court is that my screening reflects actual reading of the complaint. Given the number of complaints under the PLRA that I receive in a year, even if I wanted to I could not screen complaints as submitted by inmates, advise them of defects, then wait for inmates to choose between objecting to my analysis and amending their complaints one or more times.

Given reasonable time for plaintiff to receive the copy of his complaint and return copies for service with the other service paperwork, the time within which plaintiff must effect proper service under Rule 4 on defendants and make proof of service under Rule 4(l)(1) is extended to March 31, 2024. Service will be made by the Marshal at plaintiff's expense on the defendants for whom he submits complaints and service papers by March 15, 2024.

The Clerk can mark ECF no. 6, ECF no. 9, ECF no. 10, and ECF no. 11 granted in part as more fully stated herein, and change the service deadline to March 31, 2024. The Clerk shall also amend ECF no. 3 to reflect on the public docket the receipt of $13.80 for two service copies of the complaint.

DATE:  December 27, 2023    

_____
Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

David R Kauffman QD-9561
S.C.I. Forest
P.O. Box 945
286 Woodland Drive
Marienville, PA 16239