IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID R. KAUFFMAN, | : |
|     Plaintiff | : |
|   v. | : Case No. 3:23-cv-239-KRG-KAP |
| BARRY SMITH, *et al.*, | : |
|     Defendants | : |

<u>Memorandum Order</u>

    Plaintiff's objections at ECF no. 24 to my order at ECF no. 20 are still pending. Meanwhile, the Clerk sent the completed complaints and service paperwork to the Marshal for service.

    Plaintiff has now filed repetitive motions about service, ECF no. 32, ECF no. 33, plus a motion for my recusal based on his dissatisfaction with my handling of his case, ECF no. 31. Under 28 U.S.C.§ 455(a), a successful motion should identify "facts that might reasonably cause an objective observer to question [the presiding judge's] impartiality." See <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 865 (1988)(recusal proper where judge in a bench trial sat on the board of trustees of a party negotiating with one of the litigants over property, the ownership of which was at issue in the bench trial); <u>Clemmons v. Wolfe</u>, 377 F.3d 322, 326 (3d Cir.2004)(recusal from habeas proceedings required of a judge who before taking the federal bench presided over the state court criminal proceedings). Recusal is almost never proper on the basis of a judge's actions in a case, unless they display "unequivocal antagonism that would render fair judgment impossible." <u>Liteky v. United States</u>, 510 U.S. 540, 555-56 (1994), and a motion cannot be based "merely on repeated adverse rulings." See <u>Kirlew v. Att'y Gen. of U.S.</u>, 267 Fed.Appx. 125, 128 (3d Cir. 2008)(*citing* <u>Liteky</u>). If plaintiff wants to characterize my rulings as adverse rulings he is free to do so, but it does not strengthen his motion.

    As I said last week, ECF no. 30, service and the time for service is now the Marshal's responsibility: plaintiff does not need to file motions or additional motions to extend the time for service. Plaintiff is not proceeding *in forma pauperis* but he also wants to be relieved from paying the cost of service. He cannot do that without a showing that he is indigent, so that motion is denied without prejudice: plaintiff needs to submit a motion to proceed *in forma pauperis* including an inmate account statement for the most recent six months.

    With that explanation, the following motions are terminated: ECF no. 33 (clarification granted), ECF no. 32 (denied as unnecessary), ECF no. 31 (denied as meritless.

As before, plaintiff can appeal from this nondispositive order to the presiding district judge.

DATE: April 15, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

David R Kauffman QD-9561
S.C.I. Forest
P.O. Box 945
286 Woodland Drive
Marienville, PA 16239