IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID R. KAUFFMAN,                          :
               Plaintiff                   :
      v.                                    : Case No. 3:23-cv-239-KRG-KAP
BARRY SMITH, *et al.*,                       :
             Defendants                  :

Memorandum Order

Plaintiff's February objections at ECF no. 24 to my order at ECF no. 20 are still pending. Plaintiff's April objections at ECF no. 41 to my order at ECF no. 35, including the portion denying his motion for my recusal, are still pending. This order rules on the flurry of motions since then. As always, parties can appeal from my nondispositive orders to the presiding district judge.

Plaintiff's motions at ECF no. 38, ECF no. 39, ECF no. 42, ECF no. 50, and ECF no. 61 are denied. To the extent they raise matters that are not moot, they are meritless. Despite their various titles, the motions primarily address the DOC's mail policies, including some of its more annoying effects like the recent episode of the DOC refusing to deliver my mail. Apparently, after 30 years, the pre-printed return address on my envelopes is no longer acceptable at one or more prisons because some DOC employee does not accept envelopes without a street address as part of the return address.

The policies affecting mail delivery at DOC facilities since 2020 (DC-ADM 803, see Exhibit A to ECF no. 62) are permissible attempts to limit the influx of contraband. I do not know to what extent those policies are succeeding and the Supreme Court has for decades made it clear that I do not need to know: except to the extent they prevent access to court the DOC's policies are not subject to oversight by federal courts. Two more things are clear in prisoner litigation across the board: mail delivery is slower and more cumbersome because of the DOC's mail policies, and those policies do not prevent access to court or in any noticeable way affect either the substantive outcomes of cases or even increase the time to their disposition. Nothing is different in this case. Plaintiff has received every piece of mail I have sent, sometimes after two tries. Since plaintiff's objection to my handling pretrial matters is still pending, it makes no sense for me to evaluate the motions to dismiss and plaintiff's responses until I know whether I will even be allowed to do so. Any lapse of time from filing to disposition of this matter or of any particular motion is therefore certainly not due to the DOC's mail policies.

The DOC's recent rejection of my mail on the grounds that my return address does not contain a street address is annoying. But a DOC rule can be annoying and even

ridiculous without being illegal. Rather than saddle the taxpayer with the cost of new envelopes I am now writing my street address on my envelopes.

Defendants have filed motions to dismiss at ECF no. 52 and ECF no. 55. Plaintiff's motions at ECF no. 57 and ECF no. 60 for additional time to file a response are granted (plaintiff's response at ECF no. 62 and ECF no. 68 are therefore considered timely) and plaintiff's motion for additional time to file a certificate of merit, ECF no. 67, is granted to October 30, 2024.

Defendants' motion to file a reply brief, ECF no. 69, is granted to September 30, 2024.

DATE:  September 10, 2024    _____

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel by ECF and by U.S. Mail to:

David R Kauffman QD-9561
S.C.I. Forest
P.O. Box 945
286 Woodland Drive
Marienville, PA 16239