IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID R. KAUFFMAN,        :
    Plaintiff            :
  v.                        : Case No. 3:23-cv-239-NR-KAP
BARRY SMITH, *et al.*,    :
    Defendants          :

<u>Memorandum Order</u>

    Plaintiff's motions at ECF no. 87, ECF no. 91, ECF no. 94, ECF no. 95, ECF no. 96, ECF no. 103, and ECF no. 107 are denied for the reasons explained below. As always, parties have fourteen days to file written objections from this nondispositive order to the presiding district judge.

    This matter has recently been transferred to a new presiding judge, with plaintiff's February objections at ECF no. 24 to my order at ECF no. 20 pending, as well as plaintiff's April objections at ECF no. 41 to my order at ECF no. 35, plaintiff's September objections at ECF no. 74 to my order at ECF no. 70, and plaintiff's November objections at ECF no. 90 to my order at ECF no. 86. With the objections to my denial of plaintiff's motion for my recusal disposed of, I proceed in this housekeeping order to rule on plaintiff's latest set of motions. I will submit a separate Report and Recommendation addressing the motions to dismiss at ECF no. 52 and ECF no. 55.

    As with plaintiff's previous sets of motions, these motions are meritless. The motion at ECF no. 87 asks for legal advice (whether a certificate of merit is necessary to pursue state law negligence claims against defendant Ligas and defendant Bloom) that the court will not give.

    The motions at ECF no. 91, ECF no. 103, and ECF no. 107 are frivolous because like their predecessors they seek sanctions against opposing counsel based on plaintiff's argumentative and conclusory assertions that the legal and factual positions that opposing counsel takes are incorrect. The Court has not ruled on the motions to dismiss, so any claim of a violation of Fed.R.Civ.P. 11 is premature because it at the least requires a determination that the position taken by the alleged offender was not supportable. More importantly, as Judge Mansmann of this Court and the Court of Appeals observed, Rule 11 is intended only for "exceptional circumstances." <u>Teamsters Loc. Union No. 430 v. Cement Exp., Inc.</u>, 841 F.2d 66, 68 (3d Cir. 1988). As Judge Weis also of this Court and the Court of Appeals noted, Rule 11 is not a fee shifting statute and it is "perverted when used as a tool for harassment rather than as an instrument to prevent abuse." <u>Gaiardo v. Ethyl Corp.</u>, 835 F.2d 479, 484 (3d Cir. 1987).

1

The other three motions that are denied, ECF no. 94, ECF no. 95, and ECF no. 96, all relate to the pending motions to dismiss the original complaint. Of course the motions to extend time to serve the amended complaint and to compel defendants to answer the amended complaint, ECF no. 94 and ECF no. 95, are not only premature but legally meaningless unless the motion to amend the complaint, ECF no. 96, has some merit. Turning to that motion, Fed.R.Civ.P. 15(a)(1) gave plaintiff 21 days to amend as a matter of course after the service of the Rule 12(b)(6) motions. The defendants filed their motions to dismiss in July and August 2024, and plaintiff filed his opposition in August 2024. Now that the plaintiff's objections to my denial of his motion to recuse have been disposed of, I will proceed to rule on the motions to dismiss. That will evaluate the original 70-page complaint, not the 100-page amended complaint.

Rule 15(a)(2) permits a plaintiff to amend with leave of court "when justice so requires" after the 21 day period has expired. Justice is not served by giving plaintiff the power to impose on defendants the costs of having to hit a constantly moving target by allowing amendment of the complaint several months after the motions to dismiss are briefed. The plaintiff asserts four purposes for the proposed amended complaint: to add a claim that is based on "additional events" and that plaintiff alleges he had insufficient time to include in his original draft before the running of the statute of limitations, ECF no. 94 at ¶¶2-3, 6, to add a claim that arose after the filing of the original complaint, *id.* at ¶ 4, to add editorial features to make evaluating the motions to dismiss easier, *id.* at ¶ 5, and to identify a John Doe defendant, *id.* at ¶ 5(d). Amendment on those grounds does not promote justice as described in Rule 15 or the speedy and inexpensive determination of actions described in Rule 1.

It is unnecessary to file a 100-page amended complaint to identify a John Doe defendant: that substitution can be accomplished by a motion under Rule 10(a) relating to naming of parties.

Adding new claims in a complaint governed by the Prison Litigation Reform Act is futile where those claims arose after the original complaint was filed. The PLRA requires exhaustion of administrative remedies before an action is filed, and it is impossible for a plaintiff to have exhausted administrative remedies for a claim that he alleges arose after the filing of the original complaint. A plaintiff cannot file a complaint as a placeholder and tack on new claims as the occur or as they are exhausted. This does not put plaintiff out of court on any new claims, it only requires him to present them in an orderly fashion in a separate complaint.

Accepting plaintiff's claim that adding 30 pages to the original complaint is mostly for the purpose of adding editorial features for the court's convenience, that too is an improper use of Rule 15. What a plaintiff is doing by using such a procedural device to provide "a frame of reference" without substantively amending the complaint is

attempting to submit additional arguments not included in the briefs. That is really of no use to the Court. Amendment cannot be used to evade the rule applicable even to *pro se* litigants that issues and arguments omitted from the brief are waived.

 Finally, as to the proposed claims that allegedly arose before the complaint was filed, according to plaintiff they are based on "additional events" and may be barred by the statute of limitations. Rule 20(a)(2) sheds light on the meaning of "when justice so requires" leave to amend under Rule 15. Rule 20(a)(2), taking subsections (A) and (B) together, counsels that an amended complaint should be allowed to join new defendants and claims when the claims arise out of a common set of facts. Plaintiff expressly asserts that this is not the case. I appreciate the plaintiff's desire to save money on filing fees but claims based on "additional events" that have only the identity of the plaintiff in common do not arise out of the same occurrence or set of occurrences and should be brought, if at all, in a separate complaint. Once again, this does not put plaintiff out of court on any claim, it only requires him to present it in an orderly fashion in a separate complaint.

DATE: February 28, 2025

                Keith A. Pesto,
                United States Magistrate Judge

Notice to counsel by ECF and by U.S. Mail to:

David R. Kauffman
11 Forever Lane
Paradise, PA 17562