IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID R. KAUFFMAN, | ) |
| | ) |
| Plaintiff, | ) 3:23-CV-239 |
| | ) |
| v. | ) |
| | ) |
| BARRY SMITH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### OMNIBUS MEMORANDUM ORDER

This *pro se* prisoner civil-rights case arising from Mr. Kauffman's time in the Pennsylvania Department of Corrections was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court applicable to Magistrate Judges.

Before the Court are seven objections (ECF 24, 74, 90, 111, 121, 122, and 123) that Mr. Kauffman lodged to a number of Judge Pesto's rulings. The Court will review all of the objections *de novo*, and after doing so, will overrule all objections, and adopt Judge Pesto's orders, but with some modifications, discussed below.

### NON-DISPOSITIVE-ORDER OBJECTIONS

Mr. Kauffman filed four objections to non-dispositive orders. The Court rules as follows.

First, Mr. Kauffman's first two objections (ECF 24, 74) are moot. They concern issues with service of process of the complaint, but the complaint has since been served. They also concern a motion for a preliminary injunction and TRO, but that is moot because Mr. Kauffman is no longer incarcerated. So, the objections at ECF 24 and 74 are overruled as being moot, and the orders disposing of the original motions are modified to simply deny the motions as moot.

Second, the objections at ECF 90 are overruled on the merits. Two of the objections concern Mr. Kauffman's motions for sanctions. The motions are unsupported by any evidence of bad faith and do not rise to such a high level that might warrant sanctions, and so were properly denied. The other objection that was part of ECF 90 was Mr. Kauffman's request for a Rule 16 conference. Given the pendency of the motions to dismiss (which would have affected the nature and scope of any discovery), Judge Pesto was within his discretion to not schedule a Rule 16 conference until after the motions to dismiss were decided. So this objection is overruled, too.

Third, the objections at ECF 111 are disparate, but can be divided into three topics: whether a certificate of merit is necessary to support any professional negligence claims under state law (ECF 87); whether Mr. Kauffman can be given leave to amend the complaint; and whether to sanction opposing counsel.

As to the certificate of merit, Judge Pesto declined to address that issue. But liberally construing Mr. Kauffman's original motion, the Court finds that it can be construed as a motion to be excused from the requirement of filing a COM, and construing it as such, the Court finds no basis to excuse that requirement. Any professional negligence claim under Pennsylvania law, as Mr. Kauffman brings in part, must be supported by a COM. *See Liggon-Redding v. Est. of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011).

As to the sanctions motion, Judge Pesto properly denied it.

As to motion for leave, Judge Pesto properly denied leave. The Court appreciates that leave should be freely given, but as Judge Pesto points out, the substantive additions to the complaint refer to new claims arising after the filing of the original complaint, which concern additional exhaustion of remedies. These new claims arising out of new events are not barred; they can be presented in new separate complaints, as Judge Pesto correctly held.

Fourth, the Court overrules Mr. Kauffman's objections at ECF 123. Judge Pesto denied Mr. Kauffman's motion for clarification (ECF 120), and the Court does not disturb that order here.

## DISPOSITIVE-ORDER OBJECTIONS

Mr. Kauffman's claims all stem from his time at the Pennsylvania Department of Corrections. He alleges that his First, Fourth, Eighth, and Fourteenth Amendment rights were violated while in prison. ECF 1. His constitutional claims, brought under 42 U.S.C. § 1983, allege First Amendment retaliation, excessive force under the Fourth Amendment, deliberate indifference to serious medical needs under the Eighth Amendment, and Due Process violations under the Fourteenth Amendment against 77 different defendants, ranging from the secretaries to the superintendents of the prison. ECF 1; ECF 166. Mr. Kauffman also brings state tort claims based on the same conduct.

In March 2025, Judge Pesto issued two separate Report & Recommendations regarding Defendants' motions to dismiss. ECF 112, ECF 116; ECF 52, ECF 55. Judge Pesto's Report and Recommendation at ECF 112 (the "First R&R") addresses the "Psychiatry Defendants'" Motion to Dismiss at ECF 55. The Report and Recommendation at ECF 116 (the "Second R&R") addresses the remaining (and the bulk) of the Defendants' Motion to Dismiss at ECF 52.

Both R&R's recommend that the Court dismiss Mr. Kauffman's claims, with one exception. To begin with, in the First R&R, Judge Pesto recommended that the Court dismiss the claims against the Psychiatry Defendants *with* prejudice. ECF 112. In the Second R&R, Judge Pesto recommended that the Court dismiss any claim against a "supervisory" defendant *with* prejudice with two exceptions related to the "709 policy" and "z-code," that the Court dismiss any First Amendment retaliation claim *without* prejudice, and that the Court not dismiss any excessive-use-of-force claim.

I.  **Standard of Review**

In reviewing the Report and Recommendations from Judge Pesto, the Court must review any portion that Mr. Kauffman objected to *de novo*. *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017). Even portions of the report that Mr. Kauffman did not object to, the Court must still review with "reasoned consideration." *Id.* Mr. Kauffman objected to large parts of both R&R's. ECF 121, ECF 122. Defendants never raised objections to either.

Because both R&R's concern motions to dismiss, the Court will next consider the appropriate law to apply in analyzing the First R&R and the Second R&R. In *Ashcroft v. Iqbal*, the Supreme Court provided the framework for what a plaintiff must plead to survive a motion to dismiss. 556 U.S. 662 (2009). Under the *Iqbal* framework, the "complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Id.* at 678 (cleaned up). To find a claim plausible, the complaint must state enough facts that would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Facts "merely consistent with" liability will not be enough to survive a motion to dismiss. *Id.*

When a civil rights complaint alleges a conspiracy, courts must be "mindful that direct evidence of a conspiracy is rarely available and that the existence of a conspiracy must usually be inferred from the circumstances." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009). But the plaintiff still needs to plead facts "to support the existence of the elements of the conspiracy." *Id.* "Bare assertions" that only recite the elements of a conspiracy or constitutional violations are not entitled to "the assumption of truth" and will not be enough to survive a motion to dismiss. *Iqbal*, 556 U.S. at 680–81. For example, in *Iqbal*, the plaintiff did not sufficiently plead a conspiracy or constitutional violations where he asserted that the defendants "as a matter of policy" "maliciously agreed to subject

-4-

him to harsh conditions." *Id.* (cleaned up). The facts from the complaint must nudge the Court into finding that the allegations are plausible. *Id.*

Courts hold *pro se* complaints, "however inartfully pleaded," to a "less stringent standard[] than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015). But the *Haines* standard for *pro se* complaints still operates within the *Iqbal* framework. *See Fantone*, 780 F.3d at 193. Like any other complaint, *pro se* complaints must state enough facts to make the allegations plausible. *See id.*; *see also Hartman v. Bank of New York Mellon*, 650 F. App'x 89, 91 (3d Cir. 2016).

With the above principles in mind, the Court now turns to the two Report and Recommendations and Mr. Kauffman's objections to both.

## II.   Objections to the First R&R

The First R&R considered Defendants' Motion to Dismiss with respect to the Psychiatry Defendants, specifically Dr. Bloom and Ms. Ligas. ECF 112. There, Judge Pesto found that Mr. Kauffman essentially lodged two types of allegations against these Defendants—an Eighth Amendment claim and First Amendment claim. *Id.* Judge Pesto recommended that the Court dismiss both types of claims against the Psychiatry Defendants *with* prejudice, leaving no room to amend. *Id.* After a careful review of the record *de novo*, the Court agrees and will adopt the First R&R, with one exception.[1]

After reviewing Mr. Kauffman's Complaint (ECF 1), the Court agrees with Judge Pesto's summary of the factual allegations against the Psychiatry Defendants. Mr. Kauffman cited multiple interactions with both Defendants, claiming that both were responsible for treating him at different points while in prison, and both failed

---

[1] Mr. Kauffman pled both compensatory damages (money) and equitable damages (injunctive relief against the Psychiatry Defendants). The Court agrees with Judge Pesto that because Mr. Kauffman has since been released from the Pennsylvania Department of Corrections, any request for equitable relief is now moot.

to treat him properly, which he claims violated his Eighth Amendment right against deliberate indifference to serious medical needs and his First Amendment right against certain retaliation.

Looking first at Mr. Kauffman's Eighth Amendment claims, the Court finds that the Complaint does not plausibly establish that either Defendant was deliberately indifferent toward a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Spruill v. Gillis*, 372 F.3d 218, 235–36 (3d Cir. 2004). Mr. Kauffman's allegations that the two took offense to his criticism, or that Dr. Bloom looked at him with a "depraved expression" does not nudge the Court toward a plausible conclusion that Mr. Kauffman had a serious medical need and that either Defendant acted with deliberate indifference toward that need while Mr. Kauffman was incarcerated. ECF 1.

Next, looking at Mr. Kauffman's First Amendment retaliation claim, the Court finds a similar problem. Mr. Kauffman did not present more than "bare allegations" that either Defendant here retaliated against him because of what he said or expressed. Mr. Kauffman alleged that Defendants delayed and dismissed treatment because of grievances that he filed. *See, e.g.*, ECF 121. But again Mr. Kauffman did not plead enough facts to nudge the Court past a "mere possibility" and toward a plausible allegation.

All that said, the Court disagrees with Judge Pesto that any attempts to cure these flaws would be futile. ECF 112. Therefore, the Court will dismiss the claims against Ms. Ligas and Dr. Bloom *without* prejudice, leaving room for Mr. Kauffman to plausibly plead claims against these two Defendants.

### III. Objections to the Second R&R

The Second R&R considered the remaining Defendants' Motion to Dismiss. ECF 116. There, Judge Pesto recommended that the Court dismiss all claims against the remaining Defendants, except one. *Id.* Judge Pesto recommended that the Court

permit Mr. Kauffman's claims for excessive force to continue into discovery, although Mr. Kauffman could only proceed against those Defendants who were involved in or physically present for the excessive force. *Id.* As for the dismissed claims, Judge Pesto concluded that only two of the retaliatory claims should be dismissed *without* prejudice, and that the rest of the claims should be *with* prejudice. *Id.*

After a careful review of the record, the Court agrees with Judge Pesto and will adopt the Second R&R. There are two points to make.

First, turning to the claims that the Court will dismiss *without* prejudice. In his Complaint, Mr. Kauffman alleged a few instances of retaliation in violation of his First Amendment rights. In several instances throughout Mr. Kauffman's Complaint, Mr. Kauffman referenced a "709 policy" that the prison implemented against him. ECF 1 at ¶¶ 381, 392, 421–22. He alleged that the 709 policy placed him in confinement, in segregation, and without any property for seven months. *Id.* According to Mr. Kauffman, Defendants implemented this policy to retaliate against him for filing various grievances. *Id.*

Presently, Mr. Kauffman has not pled with enough specificity these allegations surrounding the 709 policy and First Amendment retaliation to state a claim. Mr. Kauffman presented bare allegations of a conspiracy taken against him without a sufficient, plausible basis. But this Court must permit a curative amendment unless it would be futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). The Court does not find that an amendment here would be futile, and will thus dismiss the claims related to the 709 policy *without* prejudice.

Another claim that the Court will dismiss *without* prejudice is Mr. Kauffman's retaliation claim relating to prison officials taking away his "z-code," or single-cell status. ECF 1 at ¶ 64. Mr. Kauffman must, at a minimum, plead facts that he observed in order to plausibly plead that his z-code, a benefit that the prison gave him, was removed in retaliation to protected speech. Mr. Kauffman should expand

upon paragraph 111 of his Complaint and explain the grievance at issue and subsequent effect after this conversation. Mr. Kauffman must do more than implausibly allege that a back-door meeting between six defendants took place, and there, they conspired to retaliate against Mr. Kauffman by placing him in the punishment cell and thereby removing his z-code. *See generally id.*

Second, the Court will dismiss the remaining claims that Mr. Kauffman brought *with* prejudice. Like the other parts of Mr. Kauffman's Complaint, the remaining allegations presented bare allegations of collusion and a conspiracy. For example, Mr. Kauffman alleges a conspiracy against him to restrict his mail because of his lodged complaints. But to support his claim, he relies on speculative backdoor conspiracies to "re-open, re-read, re-destroy, and re-tamper" with his mail. ECF 1 at ¶¶ 230–34. The rest of Mr. Kauffman's 70-page Complaint relies on similarly conclusory allegations to support his claims, and the Court finds that given the room to amend above for specific claims, it would be futile to leave any further room to amend. Except for the 709 policy and z-code retaliation, Mr. Kauffman is not permitted to amend his complaint with any other instances of retaliation or any other conspiracies against him.

***************

**AND NOW**, this 9th day of December, 2025, it is hereby **ORDERED** that Mr. Kauffman's objections are overruled as stated, and that the orders issued by Judge Pesto are adopted, but modified as outlined above. Specifically:

1. Mr. Kauffman's objections at ECF 24 are overruled;
2. Mr. Kauffman's objections at ECF 74 are overruled;
3. Mr. Kauffman's objections at ECF 90 are overruled;
4. Mr. Kauffman's objections at ECF 111 are overruled;
5. Mr. Kauffman's objections at ECF 123 are overruled;

-9-

6. Judge Pesto's R&R at ECF 112 is adopted in part, as the Court dismisses all counts against Dr. Bloom and Ms. Ligas without prejudice;

7. Judge Pesto's R&R at ECF 116 is adopted in full, which allows Mr. Kauffman's excessive force claims to continue, dismisses Mr. Kauffman's claims as they relate to a 709 policy and z-code without prejudice, and dismisses the remaining of Mr. Kauffman's claims with prejudice.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
David R. Kauffman
11 Forever Lane
Paradise, PA 17562