**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DAVID RYAN KAUFFMAN,                )
                                    )
      Plaintiff,                    )
                                    )        Civil Action  No. 3:23-cv-239
v.                                  )
                                    )
BARRY SMITH *et al.*,               )
                                    )        District Judge J. Nicholas Ranjan
      Defendants.                   )        Magistrate Judge Peter E. Ormsby


**MEMORANDUM ORDER**

Plaintiff David Ryan Kauffman, acting *pro se*, filed this prisoner civil rights action under 42 U.S.C. § 1983, alleging multiple claims against 77 defendants. *See* ECF No. 1. His claims relate mainly to events at State Correctional Institution (SCI) Houtzdale, where he was incarcerated during 2021 and 2022. He is no longer in custody.

Plaintiff's case has progressed slowly due several factors, including the number of motions and objections that have been filed. This Order rules on multiple pending motions raising issues that hamper the parties' ability to complete discovery. To further aid in the just, speedy, and inexpensive resolution of this case, *see* Fed. R. Civ. P. 1, a scheduling conference is set for June 30, 2026, and a scheduling order will be issued after the conference.

Pending before the Court are motions filed by both Plaintiff and Defendants. Plaintiff has ten pending motions at ECF numbers 119, 143, 149, 150, 151, 159, 161, 162, 163, and 167. Defendants filed motions at ECF numbers 145, 154, and 158. Before addressing the parties' pending motions, some procedural background may be helpful to put them in context.

1

## I.     BACKGROUND

Plaintiff filed his Complaint on October 3, 2023. ECF No. 1. After Magistrate Judge

Keith A. Pesto resolved multiple service issues and ruled on various motions filed by Plaintiff,

Defendants filed Motions to Dismiss in July and August of 2024. ECF Nos. 52, 55. Those

motions were filed by two sets of defendants: 1) the "Psychiatry Defendants," who include two

mental health providers, "Dr. Bloom" and Jennifer Ligas[1]; and 2), the "Corrections Defendants,"

composed of all the remaining Defendants. The motions were fully briefed.

While the motions to dismiss were pending, Judge Pesto addressed multiple additional

motions filed by Plaintiff, including motions for sanctions and for extensions of time. *E.g*., ECF

Nos. 60, 61, 71, 77, 80. In all, by the time Judge Pesto entered Reports and Recommendations

addressing the motions to dismiss, Plaintiff had filed over 50 motions and objections of various

types, including six motions for sanctions, nine motions for extension of time, six appeals to the

District Court raising multiple objections to Judge Pesto's rulings, eight motions for clarification

or reconsideration, and a motion seeking Judge Pesto's recusal. Judge Pesto denied most of those

motions, and Plaintiff appealed many of those denials to presiding District Judge J. Nicholas

Ranjan. *See* ECF Nos. 24, 74, 90, 111, 123.

Among the motions denied by Judge Pesto was Plaintiff's motion seeking his recusal.

ECF No. 35. On February 20, 2025, Judge Ranjan overruled Plaintiff's objections to Judge

---

[1] Plaintiff's Complaint does not provide a first name for "Dr. Bloom." Plaintiff alleges that Dr. Bloom and Jennifer Ligas are "psychiatrists," ECF 1, ¶ 17, although other information in the record suggests Ms. Ligas is a Certified Registered Nurse Practitioner. The Complaint also names Mental Health Management (MHM) as a defendant and describes it as a private company that contracted with the Pennsylvania Department of Corrections to provide psychiatric care to prisoners. *Id*. at ¶ 16. Defendants Dr. Bloom and Ms. Ligas refer to MHM as an "incorrect party." *See, e.g*., ECF No. 55 at 1. MHM is not specifically addressed in the motion to dismiss rulings at issue here.

Pesto's order denying the recusal motion. ECF No. 104. The next month Plaintiff filed a petition for writ of mandamus requesting, among other things, that the United States Court of Appeals for the Third Circuit order the District Court to remove Judge Pesto. *See* ECF No. 156-2. The Third Circuit denied the petition. *See* ECF No. 156-3. In addressing the recusal issue, the Third Circuit noted—as had Judge Ranjan and Judge Pesto—that "displeasure with legal rulings" does not provide grounds for recusal. *Id*. at 2-3 (quoting *Securacomm Consulting, Inc. v. Securacom Inc*., 224 F.3d 273, 278 (3d Cir. 2000)).

Meanwhile, after Judge Ranjan overruled Plaintiff's objections on the recusal issue, Judge Pesto addressed Defendants' motions to dismiss. By a Report and Recommendation dated March 12, 2025, Judge Pesto recommended that the Psychiatry Defendants' motion to dismiss (ECF No. 55) be granted without giving Plaintiff leave to amend. ECF No. 112 at 7. Two days later, on March 14, 2025, Judge Pesto issued a second Report and Recommendation addressing the Corrections Defendants' motion to dismiss. ECF No. 116. He recommended that the District Court dismiss all claims against those Defendants with the exception of Plaintiff's excessive force claims. *Id*. at 6-9. As to the dismissed claims, he recommended that two retaliation claims should be dismissed without prejudice and the rest of the claims with prejudice. *Id*. Plaintiff filed objections to both reports. ECF Nos. 121, 122.

Judge Ranjan addressed those objections, as well as Plaintiff's many objections to Judge Pesto's non-dispositive rulings, by an Omnibus Memorandum Order entered on December 11, 2025. ECF No. 140. Judge Ranjan overruled all of Plaintiff's objections to Judge Pesto's non-dispositive rulings. *Id*. at 1-3. Judge Ranjan also adopted the recommendations in Judge Pesto's two Reports and Recommendations with one exception. Regarding the Psychiatry Defendants (Dr. Bloom and Ms. Ligas), Judge Ranjan dismissed Plaintiff's claims against them *without*

3

*prejudice*. *Id*. at 6. As to the Corrections Defendants, Judge Ranjan adopted Judge Pesto's recommendation in full. *Id*. at 9. As the Court explained, this "allows Mr. Kauffman's excessive force claims to continue, dismisses Mr. Kauffman's claims as they relate to a 709 policy and z-code without prejudice, and dismisses the remaining of Mr. Kauffman's claims with prejudice." *Id*.

Judge Pesto promptly took steps "to implement" Judge Ranjan's rulings. By Order dated December 12, 2025, Judge Pesto gave Plaintiff until January 12, 2026, to file an amended complaint. ECF No. 141. The Order specified that, "[i]f no amended complaint is filed an Answer from the remaining defendants is due February 12, 2026." *Id*. The Order also allowed discovery to commence on February 12, 2026, or when motions practice on any amended complaint concluded. *Id.*

Plaintiff did not file an amended complaint by the January 12, 2026, deadline. A month later, on February 12, 2026, Defendants filed an Answer to Plaintiff's original Complaint, as ordered by Judge Pesto. ECF No. 142. Plaintiff then resumed motions practice and commenced discovery. His first motion after Judge Pesto's December 12, 2025, Order was the pending Motion to Strike Defendants' Answer, which was filed on February 22, 2026. ECF No. 143. In all, Plaintiff has filed nine motions since the Defendants filed their Answer. *See* ECF Nos. 143, 149, 150, 151, 159, 161, 162, 163, 167. This brings his total for the case to about 65 motions/objections filed. Defendants have also filed several pending motions. ECF Nos. 145, 154, 158.

To sum up the status of this case, motions to dismiss have been resolved, an answer has been filed, and discovery has started. To guide further proceedings, a scheduling conference is

set for June 30, 2026. Most of the parties' pending motions are addressed below, and the remaining issues will be discussed at the upcoming scheduling conference.

## II.    PLAINTIFF'S MOTIONS

Plaintiff's pending motions will be addressed in three groups: motions seeking reconsideration of prior rulings (ECF Nos. 119, 149, 162); motions to strike Defendants' affirmative defenses (ECF Nos. 143, 161); and motions addressing discovery issues (ECF Nos. 150, 151, 159, 163, 167).

### A.  Motions Seeking Reconsideration of Prior Rulings (ECF Nos. 119, 149, 162)

Although Plaintiff's motions in this group raise multiple issues, there is a common theme in all three motions. Citing Federal Rule of Civil Procedure 60, Plaintiff moves "for relief from judgment or order" regarding most of Judge Pesto's non-dispositive rulings and his reports and recommendations (including ECF Nos. 86, 108, 112, 116, and 120). *See* ECF Nos. 119, 149, and 162. Put another way, Plaintiff seeks reconsideration of those rulings and reports. Plaintiff also appears to seek reconsideration of Judge Ranjan's Omnibus Memorandum Order addressing Plaintiff's objections to Judge Pesto's non-dispositive rulings and reports (ECF No. 140). *See* ECF No. 162 (seeking relief under Rule 60 from various orders, including ECF No. 140). Plaintiff's repeated attempts to re-litigate issues already decided lack merit for two main reasons.

First, Rule 60 does not apply in this situation. As the Third Circuit has emphasized, "Rule 60(b) applies only to 'final' judgments and orders." *Torres v. Chater*, 125 F.3d 166, 168 (3d Cir. 1997). "A final order accomplishes two ends: it disposes of all of the claims presented to the district court, and it leaves 'nothing further for the district court to do.'" *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 408 (3d Cir. 2016) (quoting *Michelson v. Citicorp Nat'l Servs., Inc.*, 138 F.3d 508, 513 (3d Cir. 1998)). In our case, the District Court still has much to do

in addressing the remaining claims and parties; in other words, no final judgment or order has been entered. *See State Nat'l Ins. Co.*, 824 F.3d at 406 (explaining that an order dismissing one party "and not all of the defendants—was not a final order" but rather an interlocutory order); *see also Torres*, 125 F.3d at 168 (stating that the district court's "purely interlocutory" order was "not within the scope of Rule 60(b)"). Plaintiff's attempt to invoke Rule 60 to re-litigate Court rulings is thus unavailing. *See Malik v. GEICO Ins.*, No. 2:23-CV-16240, 2026 WL 160662, at *4 (D.N.J. Jan. 21, 2026) ("Rule 60(b) motions do not provide avenues for re-litigating already decided issues.") (citing *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)).

Second, apart from Rule 60, Plaintiff's motions seeking reconsideration of prior rulings run afoul of the law of the case doctrine. While a federal court has authority to revisit its own prior decisions, a court should be "loathe to do so in the absence of extraordinary circumstances." *Christianson v. Colt Industries Operating Corp.,*486 U.S. 800, 817 (1988). A court's discretionary authority to reconsider its rulings is constrained by the law of the case doctrine. This "doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation." *Pub. Int. Rsch. Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997); *see also Rouse v. II-VI Inc.*, 658 F. App'x 21, 23 (3d Cir. 2016) (explaining that "the law-of-the-case doctrine generally bars reconsideration of issues already resolved"). "Because it prevents courts from entertaining endless appeals on the same issue, the doctrine promotes finality and judicial economy." *Id.*

Nevertheless, reconsideration of a prior ruling may be justified if there are "extraordinary circumstances." *Pub. Int. Rsch. Grp. of New Jersey, Inc.*, 123 F.3d at 116-17. As the Third Circuit has recognized, such circumstances include: 1) the availability of new evidence; 2) a

supervening change in the law; and 3) a clearly erroneous earlier decision or an earlier decision which would create a manifest injustice. *Id*. at 117.

Here, the law of the case doctrine counsels against yet another reconsideration of Judge Pesto's prior rulings and reports. Each of the rulings and reports cited in Plaintiff's pending motions was previously the subject of objections that Judge Ranjan fully considered in his ruling. *See* ECF Nos. 104, 140. Plaintiff's motions do not suggest the presence of any extraordinary circumstances that would warrant further reconsideration of the same arguments he has raised before. To the extent Plaintiff disagrees with Judge Ranjan's rulings, he will have the opportunity to challenge those rulings on appeal after the District Court enters a final judgment as to all claims and all parties.

For these reasons, Plaintiff's requests in ECF numbers 119, 149, and 162 for reconsideration of prior Court rulings are denied. Other issues raised in those motions will be addressed in turn.

### 1. "*Motion to Alter or Amend Judgment as to ECF 104 Re ECF 31 (Motion for Recusal)*" – ECF No. 119

Plaintiff's motion to alter or amend judgment regarding the denial of his motion to recuse Judge Pesto appears to be still pending. ECF No. 119. Plaintiff seeks reconsideration of the rulings by Judge Pesto (ECF No. 35) and Judge Ranjan (ECF No 104) resulting in the denial of his motion to recuse. While there are multiple problems with this pending motion, the short answer is that Judge Pesto is no longer assigned to this case. The motion at ECF number 119 is denied as moot.

### 2. "*Motion for Relief from Judgement or Order, or in the Alternative Motion to Alter or Amend Judgement or Order*" – ECF No. 149

Plaintiff's motion at ECF number 149 requests three main types of relief: reconsideration of the rulings on Defendants' motions to dismiss; reconsideration of the denial of his motion to

amend; and extension of time for discovery. *See* ECF 149 at 4. As to Plaintiff's request for reconsideration of the Court's rulings on Defendants' motions to dismiss, his motion is denied based on the law of the case doctrine, for the reasons already discussed.

Plaintiff's request for reconsideration of Judge Pesto's denial of his motion to amend warrants some additional discussion since it affects which parties and what claims remain in the case. Citing Rule 60, Plaintiff asks the Court to "alter or amend" Judge Pesto's order denying leave to amend (ECF 108) and to "make Plaintiff's proposed First-Amended Complaint the operative complaint in this case." ECF No.149 at 1, 4. To put those requests in context, a timeline may be helpful:

- July 2024: Defendants file motions to dismiss, ECF Nos. 52, 55;

- August/September 2024: Plaintiff files briefs opposing Defendants' motions to dismiss, ECF Nos. 58, 68;

- January 2025: Plaintiff files his motion for leave to amend his complaint, along with a proposed "First-Amended Complaint," ECF Nos. 94, 97;

- February 2025: Judge Pesto denies Plaintiff's motion for leave to amend, ECF No. 108;

- March 2025: Plaintiff files objections to Judge Pesto's denial of leave to amend, ECF No. 111;

- March 2025: Judge Pesto files reports and recommendations addressing the Defendants' motions to dismiss, ECF Nos. 112, 116;

- May 2025: the Third Circuit, in denying Plaintiff's petition for a writ of mandamus, also declined his request to order the District Court to make his proposed First Amended Complaint the operative complaint, ECF No. 156-3 at 3-4;

- December 2025: Judge Ranjan overrules Plaintiff's objection to Judge Pesto's denial of leave to amend and largely adopts Judge Pesto's reports and recommendations, resulting (among other things) in the dismissal of several claims without prejudice, ECF No. 40;

- <u>December 12, 2025</u>: Judge Pesto enters an order implementing Judge Ranjan's rulings and allowing Plaintiff 30 days—until January 12, 2026–to file an amended complaint, ECF No. 141;

- <u>January 2026</u>: Plaintiff does not file an amended complaint;

- <u>February 2026</u>: Defendants file their Answer to the original Complaint, ECF No. 142; and

- <u>April 2026</u>: Plaintiff files ECF number 149, requesting the Court to reconsider Judge Pesto's February 2025 order denying leave to amend and to allow his January 2025 proposed First Amended Complaint (ECF No. 97) to be filed as "the operative complaint," ECF 149 at 4.

To summarize these events, Judge Ranjan overruled Plaintiff's objections to Judge Pesto's order denying leave to amend, making that ruling the law of the case. Nothing in Plaintiff's instant motion suggests any extraordinary circumstances that would warrant reconsideration of that ruling. To the contrary, Plaintiff's reasons for requesting reconsideration of Judge Pesto's order are the same as they have always been. According to Plaintiff, none of Judge Pesto's reasons for his ruling "are even relatively correct." ECF No. 149 at 2. Judge Ranjan considered the same argument in overruling Plaintiff's objection to the denial of leave to amend, concluding that "Judge Pesto properly denied leave." ECF No. 140 at 2.

Plaintiff's motion also lacks merit because his January 2025 motion for leave to amend is now essentially moot. After Judge Ranjan ruled that some of Plaintiff's claims would be dismissed without prejudice, Judge Pesto entered an order giving Plaintiff 30 days in which to file an amended complaint. In other words, Plaintiff was granted leave to file an amended complaint. But during that 30-day period, which ended on January 12, 2026, Plaintiff neither filed an amended complaint nor requested additional time to do so. Instead, three months later, Plaintiff filed the instant motion requesting reconsideration of his January 2025 motion for leave

to amend. Plaintiff has failed to suggest any reason for his failure to file an amended complaint by the January 12, 2026, deadline set by Judge Pesto.

Because further reconsideration of Plaintiff's motion for leave to amend is contrary to the law of the case, his motion is denied as it relates to that issue. While Plaintiff is certainly entitled to disagree with the Court's rulings, it is not appropriate to try to re-litigate those rulings once they are decided because doing so results in delay and unnecessary expense. As the Third Circuit explained in denying Plaintiff's mandamus petition, he "can challenge the denial of his motion for leave to amend on appeal following the District Court's entry of a final order." ECF 156-3 at 3-4.

The third, and final, category of relief sought by Plaintiff's motion at ECF No. 149 relates to discovery and scheduling. Plaintiff requests the Court to enter a Rule 16 scheduling order and extend the time for discovery. ECF No. 149 at 4. Those requests are granted to the extent that a scheduling conference is set for June 30, 2026, and thereafter the Court will enter a scheduling order with appropriate discovery deadlines.

      3.   *"Plaintiff's Motion to Stand on his Proposed First-Amended Complaint and Motion for Relief of Judgment of ECFS 108, 122, 116, & 140" – ECF No. 162*

Like Plaintiff's motion at ECF No. 149 (discussed above), his motion at ECF No. 162 cites Rule 60 and seeks relief from the "judgment or order" reflected by Judge Pesto's ruling denying leave to amend (ECF No. 108) and his reports (ECF Nos. 112, 116). ECF No. 162 at 1. In addition, Plaintiff seeks relief from Judge Ranjan's rulings at ECF No. 140. *Id.* Plaintiff's argument in support of this motion doubles down on his contention that first Judge Pesto and then Judge Ranjan erred in denying his motion for leave to amend and that his proposed First

Amended Complaint should be recognized as his operative complaint for several reasons, including the avoidance of discovery problems. ECF No. 162 at 2-6.

For the same reasons discussed in connection with Plaintiff's motion at ECF No. 149, his motion at ECF No. 162 is contrary to the law of the case doctrine. Here again, there are no extraordinary circumstances that would warrant reconsideration of the rulings in question. For those reasons, Plaintiff's motion at ECF No. 162 is denied.

### B.  Motions to Strike Affirmative Defenses – ECF No. 143, 161

Plaintiff has filed a motion to strike Defendants' affirmative defenses and a motion to supplement his motion to strike. ECF Nos. 143, 161. According to Plaintiff, "the affirmative defenses at issue are improperly raised, are inadequately pled, are ple[]d in bad faith, are prejudicial, and are repetitive and burdensome." ECF Nos. 143 at 1. Plaintiff's motion to supplement further requests that Defendants' Answer be stricken because "they refused to answer almost all of Plaintiff's allegations made in his Complaint because they think that ECF 140 [Judge Ranjan's omnibus ruling] forecloses an answer to the allegations." ECF 161 at 2.

Federal Rule of Civil Procedure 12 provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D.Pa. 2002). Whether to grant "a motion to strike a pleading is vested in the trial court's discretion." *Thompson v. IntelyCare, Inc.*, No. 22-CV-01599-RJC, 2025 WL 745224, at *3 (W.D. Pa. Mar. 7, 2025) (citations omitted). While discretionary, such motions are are "disfavored." *Id.* "[M]otions to strike affirmative defenses 'should be denied unless the challenged allegations have no possible relation or logical

11

connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more parties of the action.'" *Armbruster v. Eskola*, 2022 WL 5221542, at *3 (M.D.Pa. Oct. 5, 2022) (quoting *Trivedi v. Slawecki*, 2013 WL 1767593, at *2 (M.D.Pa. Apr. 24, 2013)).

Here, Plaintiff may be under the misapprehension that the affirmative defenses listed in Defendants' Answer are like motions to dismiss that he must address. That is not the case. Those defenses—some of which appear to be boilerplate—will have no effect on Plaintiff's claims unless they are asserted by motion or at trial, in which case Plaintiff will have the opportunity to challenge them. Until then, it is unnecessary for the Court to address issues that may never be raised or contested, and Plaintiff can show no "significant prejudice" resulting from such allegations. *See Leung v. JPMorgan Chase & Co.*, No. CV 22-5211, 2023 WL 12242344, at *1 (E.D. Pa. Aug. 31, 2023) ("[A] motion to strike boilerplate affirmative defenses ... wastes the client's money and the court's time.") (quoting *Raymond Weil, S.A. v. Theron*, 585 F. Supp. 2d 473, 489-90 (S.D.N.Y. 2008)). For these reasons, the motions at ECF numbers 143 and 161 are denied.

Of course, denying these motions does not address the merits of any alleged affirmative defense. Also, to the extent Plaintiff contends that Defendants have failed to meet their discovery obligations, that issue will be addressed at the upcoming scheduling conference.

### C.  Motions Addressing Discovery Issues (ECF 150, 151, 159, 163, 167)

In implementing Judge Ranjan's rulings on Defendants' motions to dismiss, Judge Pesto ordered that "[d]iscovery, including discovery on the excessive force claims shall commence on February 12, 2026, or when any motions practice on any amended complaint is concluded, whichever is later." ECF No. 141. No discovery deadline was set.

Because Plaintiff did not file an amended complaint, discovery began on February 12, 2026. Discovery disputes soon followed. Some of those disputes arise out of disagreement about the permissible scope of discovery given the Court's dismissal of some of Plaintiff's claims. Plaintiff contends he is entitled to discovery on all the claims in his complaint—including the ones that have been dismissed. Such discovery is necessary to prevent prejudice, Plaintiff asserts, because he plans to appeal the dismissal of his claims to the Third Circuit and, if necessary, to the Supreme Court. *See, e.g*., ECF 150 at 4. Defendants disagree. Citing Federal Rule of Civil Procedure 26(b)(1), Defendants contend that Plaintiff's discovery "requests regarding dismissed claims are not appropriately within the scope of discovery." ECF No. 165 at 4. Defendants are correct.

"Rule 26(b)(1) of the Federal Rules of Civil Procedure provides the general scope for discovery." *Democratic Nat'l Comm. v. Republican Nat'l Comm.*, No. 18-1215, 2019 WL 117555, at *2 (3d Cir. Jan. 7, 2019). Under that rule, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Because a dismissed claim is no longer part of the case, information about such a claim is irrelevant and thus outside the scope of permissible discovery. *See Gurnicz v. Guindon*, No. Civ. A. 90-3796, 1991 WL 21606, at *3 (E.D. Pa. Feb. 15, 1991) (explaining that the court "previously dismissed the RICO claims asserted against corporate defendants and, therefore, discovery of facts relevant to these claims is irrelevant"). As the Supreme Court long ago explained, "it is proper to deny discovery of matter that is relevant

only to claims or defenses that have been stricken." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–52 (1978).[2]

Applying the scope of discovery as prescribed by Rule 26(b)(1), Plaintiff's discovery motions will be denied to the extent the information sought is relevant *only* to dismissed claims. At the same time, Defendants are cautioned that discovery should not be refused where the information or material sought may be relevant to both dismissed claims and remaining claims. This issue will be addressed further at the upcoming scheduling conference. Other issues raised by Plaintiff's discovery motions will be addressed in turn.

1. *"Motion for an Extension of Time to Conduct Discovery"* – ECF 150

Plaintiff states that he has had "insufficient time and resources to conduct discovery," and he requests an extension of time to conduct discovery. ECF No. 150. This motion is a bit puzzling since discovery is ongoing, and there is currently no deadline. Liberally construed, Plaintiff is asking for the entry of a scheduling order setting a reasonable deadline for the completion of discovery. Plaintiff's motion is granted to the extent that a scheduling conference is set, and the Court will enter a suitable scheduling order after conferring with the parties.

---

[2] *See also Burns v. SeaWorld Parks & Ent., Inc.*, No. CV 22-2941, 2023 WL 11884592, at *4 (E.D. Pa. Nov. 4, 2023) ("The law is clear: discovery of a matter relevant only to dismissed claims is improper.") (citing *Oppenheimer Fund, Inc.*, 437 U.S. at 351) (special master report); *Bridges v. Saul*, No. 1:17-CV-02285, 2021 WL 2014761, at *2 (M.D. Pa. May 19, 2021) (sustaining objections to interrogatories seeking information relating to a claim that had been dismissed and "information unrelated to the plaintiff's remaining race discrimination claim"); *United States v. Metic Transplantation Lab Inc.*, No. CV13-07039, 2017 WL 11636152, at *1–2 (C.D. Cal. Feb. 16, 2017) (granting a protective order barring discovery seeking information about a dismissed claim and observing that "[o]ther federal courts have entered protective orders to prevent a movant from obtaining discovery only relevant to dismissed claims") (citing cases).

2. "*Motion for Order Prohibiting the Clerk from Removing Plaintiff's Documents from Public View Without Authorization*" – ECF No. 151

In this motion, Plaintiff complains that the Clerk removed from public view documents he filed at ECF numbers 147 and 148. ECF No. 151 at 1. He "requests that the Court prohibit the Clerk from removing Plaintiff's documents from public view without authorization from the Court." *Id*. Plaintiff is mistaken in assuming the Clerk acted without authorization.

As Plaintiff acknowledges, the two filings consisted of discovery material: ECF number 147 is a copy of requests for admission, and ECF number 148 is a copy of a letter to defense counsel about conferring on a discovery issue. The filing of such discovery materials is prohibited by Local Civil Rule 5.4(A), which states that "[d]iscovery requests and responses . . . shall not be filed with the office of the Clerk of Court except by order of Court." There is an exception to the rule for relevant portions of discovery materials that are submitted by a "party making or responding to a motion." LCvR 5.4.B. But that exception does not appear to apply to the discovery materials Plaintiff filed at ECF numbers 147 and 148.

In accord with Local Civil Rule 5.4, Plaintiff is cautioned that discovery materials should not be filed, other than as exhibits in support of or in opposition to a motion. His motion at ECF 151 is denied.

3. *"First Motion to Compel Discovery and Motion for Sanctions"* - ECF No. 159

In this motion, Plaintiff states that he has propounded four sets of discovery requests and contends that the Defendants provided inadequate responses. ECF 159 at 2. He seeks multiple types of relief, including an adverse inference order, a default judgment against Defendants, an order striking the Answer, an extension of the time for discovery, a reprimand directed at defense counsel, and an award of monetary sanctions. *Id*. at 2-3. Defendants have filed a response, noting

15

that they "disagree with Plaintiff's position that he is entitled to discovery on claims that were dismissed," discussing the unavailability of certain evidence, and otherwise explaining the basis of their responses to Plaintiff's discovery requests. ECF No. 165.

> Rule 37 governs motions to compel discovery:
>
> The party moving to compel discovery under Rule 37 bears the initial burden of proving the relevance of the material requested. *See Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted). If the movant meets this initial burden, the burden shifts to the person resisting discovery to establish that discovery of the material requested is inappropriate. *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The person resisting discovery must explain with specificity why discovery is inappropriate; a simple response that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991–92 (3d Cir. 1982).

*King v. Smith*, No. 3:20-CV-243, 2024 WL 3496832, at *6 (W.D. Pa. July 22, 2024).

Here, Plaintiff has not met his initial burden of proof because his motion for leave to file his 94-page brief (ECF No. 163) will be denied, as discussed below. In addition, some of the disputed discovery responses relate to the proper scope of discovery given the District Court's dismissal of some claims. For the reasons already discussed, Plaintiff's contention that he is entitled to discovery on his dismissed claims lacks merit. Other disputed discovery issues will be addressed at the upcoming scheduling conference.

Plaintiff's motion to compel and for sanctions is denied without prejudice. If there are any remaining disputes as discovery proceeds, and if those disputes cannot be resolved after the parties have conferred in good faith, Plaintiff may re-file his motion as to those disputed issues.

16

4.    *"Motion for Leave to File a 94-Page Brief in Support of His Motion to Compel and Motion for Sanctions at ECFs 159 & 160"* – ECF No. 163

Plaintiff filed a 94-page brief at ECF number 160 in support of his motion to compel and motion for sanctions (ECF No. 159). He thereafter belatedly moved at ECF number 163 for leave to file his 94-page supporting brief.

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In implementing those objectives, courts often impose page limits on motions and other filings, including limits on discovery motions. *See, e.g.*, *Holberg v. Lumpkin*, No. 21-70010, 2023 WL 2474213, at \*2 (5th Cir. Mar. 13, 2023) (finding no error in district court's denial of discovery where the party's discovery motion exceeded the court's page limit).

Here, although there is no applicable page limit in the Court's local rules, Plaintiff's request for leave to file a 94-page discovery motion brief at this stage of the litigation is disproportionate and unnecessary. The motion at ECF number 163 is denied, and the Court will not consider the briefing at ECF number 160.

Because this leaves Plaintiff's First Motion to Compel Discovery and Motion for Sanctions (ECF No. 159) without a supporting brief and because Plaintiff has the initial burden of proof in seeking to compel discovery, his motion at ECF number 159 will be denied without prejudice. Nonetheless, the discovery issues Plaintiff raises will be discussed at the upcoming scheduling conference. Following that discussion, and after Plaintiff has conferred with counsel for Defendants concerning any remaining discovery disputes, Plaintiff may re-file his motion to

17

compel addressing those disputed issues. His brief in support of any such motion shall not exceed 20 pages without first obtaining leave of Court to file a longer brief.

     5.   *Second Motion to Compel Discovery and Motion for Sanctions* – ECF No. 167

Plaintiff explains why he filed his second motion to compel as follows:

> Plaintiff files the present Motion to Compel Discovery and Motion for Sanctions because the Defense Attorneys . . . have conspired with ICE or the Department of Homeland Security or some other government agency/official (hereinafter referred to as "Government Agency/Official John Doe") to destroy Plaintiff's litigation documents in his Google Photos Albums and spy on his litigation work product—as they enlist a jealous, malicious informant to destroy the paper copies of the very same litigation documents from Plaintiff's room where he resides . . ..

ECF No. 167 at 2.

As sanctions for such conduct, Plaintiff requests (among other things) that defense counsel be "permanently disbar[red]" and charged with obstruction of justice. *Id*. at 14-15. Unsurprisingly, counsel for Defendants deny their involvement in the alleged conspiracy and point out that Plaintiff offers no evidence in support of his allegations. ECF Nos. 170, 171.

As with Plaintiff's first motion to compel and for sanctions, he bears the initial burden to prove he is entitled to relief. *See King*, 2024 WL 3496832, at *6. Plaintiff has failed to meet that initial burden.

In support of his motion, Plaintiff describes how he became aware "that his litigation documents began to go missing from his Google Photos Album and paper copy of the documents began to go missing from Plaintiff's room where he resides." ECF No. 167 at 3-12. He attributes the mysterious disappearance of his electronically stored documents to "a governmental conspiracy of cyber crime" involving defense counsel and an unidentified government agent, who drives a "black truck" and who at one point threw a rock at Plaintiff's vehicle. *Id*. at 8, 10-11. Plaintiff describes the person who stole litigation papers from his residence as "a malicious,

jealous informant, who Plaintiff later found out has been working with the Defense Attorneys . . . to maliciously obstruct his litigation." *Id*. at 5-6. But Plaintiff provides no evidence to support his belief that the person driving a black truck was a government agent who hacked into his Google Photos Album. Similarly, Plaintiff does not identify the "jealous informant" or offer any evidence that this person was working with defense counsel to steal docunents from his residence.

Because Plaintiff has offered no credible evidence in support of his conspiracy theories, his second motion to compel and motion for sanctions at ECF 167 is denied.

### III.     DEFENDANTS' MOTIONS

1. *Motion for Clarification* – ECF No. 145

The Psychiatry Defendants (Dr. Bloom and Ms. Ligas) filed a Motion for Clarification regarding their status in the case. ECF No. 145. They note that Judge Ranjan's ruling (ECF No. 140) dismissed Plaintiff's claims against them without prejudice and that Plaintiff did not file an amended complaint within the 30-day period granted by Judge Pesto. ECF No. 145 at 2. As a result, they argue, "all counts against the Psychiatry Defendants should be dismissed, and the Psychiatry Defendants should be removed from the docket of this case." *Id*.

The Psychiatry Defendants are correct that Judge Ranjan "dismisse[d] all counts against Dr. Bloom and Ms. Ligas without prejudice." ECF No. 140 at 9. It is also true that Plaintiff did not thereafter file an amended complaint within the time allotted by Judge Pesto. Given these circumstances, and in accordance with Judge Ranjan's ruling, the Psychiatry Defendants motion at ECF number 145 is granted to the extent that the Clerk of Court shall administratively terminate Dr. Bloom and Ms. Ligas from this case.

19

It should be noted that the administrative termination of Dr Bloom and Ms. Ligas is not a final judgment.[3] *See Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 126-29 (3d Cir. 2004) (holding that an order administratively closing a case was not a final judgment). Those Defendants have not sought certification of a partial final judgment as required by Federal Rule of Civil Procedure 54(b). *See Diaz v. FCA US LLC*, 134 F.4th 715, 722 (3d Cir. 2025) (discussing the requirements for a Rule 54(b) certification of a partial final judgment and noting that such a certification is "the exception, not the rule") (citations omitted). Absent such a certification, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b).

2. *Motion for Protective Order Regarding Security Video Footage –* ECF No. 154

Citing security and privacy concerns, the Corrections Defendants filed a motion seeking to prevent the public disclosure of video footage from security cameras inside two state correctional facilities. They assert that Plaintiff has refused to view the footage via a streaming Teams meeting, insisted that the videos be produced to him, and refused to sign a confidentiality agreement. ECF 154 at 2. In support of the motion, Defendants cite multiple cases and attach an

---

[3] Because the administrative termination of Dr. Bloom and Ms. Ligas is not a final judgment dismissing those Defendants from the case, the undersigned magistrate judge has authority to enter this order. *See Mondelli v. Berkeley Heights Nursing & Rehab. Ctr.*, No. CV 16-1569, 2023 WL 10409534, at *4 (D.N.J. June 2, 2023) (holding that the magistrate judge "was acting within his authority when he administratively terminated this action" and observing that "[c]ourts in this district have routinely recognized a magistrate judge's authority to administratively terminate an action").

affidavit from the director of security for the Pennsylvania Department of Corrections. ECF No. 154 at 3-4; ECF No. 154-2.

Plaintiff filed an opposition to the motion, taking issue with both the need to protect the videos and the case law cited by the Correctional Defendants. ECF No. 157. To further consider the issues raised by the parties, this motion will be taken under advisement and discussed at the upcoming conference.

3.   "*Motion Requesting Telephonic Status Coference* – ECF 158

The Defendants jointly moved to request a status conference to set a discovery schedule and to clarify the claims that remain in the case. ECF 158 at 2. As with a similar motion filed by Plaintiff, this motion is granted to the extent that a scheduling conference is set and a scheduling order will follow.

### III. CONCLUSION

For the reasons explained above, it is hereby **ORDERED**:

1.  Plaintiff's motion at ECF No. 119 is DENIED as moot;

2.  Plaintiff's motion at ECF No. 143 is DENIED;

3.  Plaintiff's motion at ECF No. 149 is GRANTED to the extent that a scheduling conference is set for June 30, 2016, and the Court will thereafter enter a scheduling order; the motion is DENIED in all other respects;

4.  Plaintiff's motion at ECF No. 150 is GRANTED to the extent that a scheduling conference is set and a scheduling order will thereafter be entered;

5.  Plaintiff's motion at ECF No. 151 is DENIED;

6.  Plaintiff's motion at ECF No. 159 is DENIED without prejudice; Plaintiff may refile his motion to compel discovery as to any remaining disputes as discovery proceeds after the scheduling conference and after conferring in good faith about those remaining disputed issues;

7.  Plaintiff's motion at ECF No. 161 is DENIED

8. Plaintiff's motion at ECF No. 162 is DENIED;

9. Plaintiff's motion at ECF No. 163 is DENIED without prejudice; any refiled briefing on discovery issues shall not exceed 20 pages without obtaining leave of Court;

10. Plaintiff's motion at ECF No. 167 is DENIED;

11. The Psychiatry Defendants motion at ECF No. 145 is GRANTED to the extent that the Clerk is directed to administratively terminate Defendants Dr. Bloom and Ms. Ligas;

12. The Corrections Defendants' motion at ECF No. 154 is taken under advisement and will be discussed at the June 30, 2026, conference; and

13. Defendants' motion at ECF No. 158 is GRANTED to the extent that a scheduling conference is set and a scheduling order will thereafter be entered.

SIGNED this 26th day of June 2026.

BY THE COURT:

_____

Peter E. Ormsby
United States Magistrate Judge