**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID RYAN KAUFFMAN,<br><br>Plaintiff,<br><br>vs.<br><br>BARRY SMITH, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 3:23-cv-239<br>)<br>)<br>)   District Judge J. Nicholas Ranjan<br>)   Magistrate Judge Peter E. Ormsby<br>)<br>)<br>) |

**<u>CASE MANAGEMENT ORDER</u>**

Plaintiff David Ryan Kauffman initiated this pro se prisoner civil rights action under 42 U.S.C. § 1983 by filing a 70-page Complaint asserting multiple claims against 77 Defendants. Since that initial filing, the scope of the case has been considerably narrowed as the result of various Court rulings. Most significantly, in adopting Magistrate Judge Pesto's recommendations on Defendants' motions to dismiss, presiding District Judge J. Nicholas Ranjan "allow[ed] Mr. Kauffman's excessive force claims to continue" but dismissed (either with or without prejudice) all of Plaintiff's other claims. ECF No. 140 at 9. In implementing Judge Ranjan's ruling, Judge Pesto ordered that discovery commence on February 12, 2026. ECF No. 141. Given the current case status, the following schedule will control further proceedings.

IT IS HEREBY **ORDERED** that **no later than August 14, 2026, the remaining Defendants shall provide Plaintiff with the following** if they have not already done so in response to Plaintiff's discovery requests:

(1)  All incident reports, grievances and appeals therefrom, disciplinary reports, investigative reports, or other similar documents in their possession concerning the alleged excessive force incidents described in the Complaint;

1

(2) All records in their possession regarding Plaintiff that relate to the excessive

force claims in his Complaint; and

(3) any information in their possession that would enable Plaintiff to identify any

John/Jane Doe Defendants involved with the excessive force claims.

**Defendants are ordered to file a notice with this Court no later than August 14, 2026**, stating that they have provided all such documents and records to Plaintiff in accordance with this Order. In the notice, Defendants shall specifically identify the categories of documents that were produced to Plaintiff. To the extent that Defendants contend that they have no records of the type indicated in (1), (2), and/or (3) of this paragraph, they shall specifically so state in their notice. If video and/or photographic records are missing or otherwise cannot be provided, Defendants shall state what efforts were made to retrieve and/or obtain such records and the reason they were not provided (destroyed, missing, etc). Defendants need not produce the video evidence that is the subject of the motion for protective order at ECF number 154, pending the Court's ruling on the motion.

By Memorandum Order dated June 26, 2026, ECF No. 174, the Court (among other things) denied without prejudice Plaintiff's motion to compel and motion for sanctions (ECF No. 159) regarding Defendants' responses to his initial discovery requests. At the scheduling conference on June 30, 2026, Plaintiff orally re-asserted his complaints with Defendants' discovery responses. *See* ECF No. 178. Defendants stated that they were responding to Plaintiff's second round of discovery requests and suggested that those responses, along with possible updated responses to his initial requests, may satisfy some or all of his complaints. To streamline the resolution of discovery disputes, and as directed by the Court at the hearing, **Plaintiff shall not reassert his prior motion to compel until after Defendants respond to his second round of discovery**. If Plaintiff believes Defendants'

additional responses are inadequate, he must confer with counsel for Defendants about those issues. If disputed issues remain, Plaintiff may file a single combined motion to compel. Because such a motion may address two sets of discovery requests, the motion and supporting brief shall not exceed 30 pages (rather than the 20-page limit previously set). As to each disputed discovery request, any motion to compel must focus on the specific information or matter that Plaintiff asserts Defendants have improperly withheld.

Plaintiff's two sets of discovery requests should be more than sufficient written discovery. According to counsel for Defendants (as stated at the hearing), Plaintiff has already submitted a multitude of separate requests (numbering over 200). Given the nature of Plaintiff's remaining claims, it would appear that he has had ample opportunity to obtain written discovery and that requiring Defendants to respond to further requests may be unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2)(C) (providing that "[o]n motion or on its own, the court *must* limit the frequency or extent of discovery" under various circumstances; emphasis added). As such, **before Plaintiff serves any further discovery requests, he shall file a motion seeking leave to do so and showing good cause for requesting additional written discovery**.

**Plaintiff may move to amend his complaint regarding his excessive force claims**, including identifying all John/Jane Doe Defendants involved in these claims, if any, **by no later than September 14, 2026**.

**All discovery must be completed by October 2, 2026**.

**On or before November 6, 2026, Plaintiff shall file a written Pretrial Narrative Statement** of the facts that will be offered by oral or documentary evidence at trial and shall include a list of all exhibits to be offered into evidence at trial and a list including the names and addresses of all witnesses the Plaintiff intends to call upon to testify at trial. *See* Local Rule LCvR

16.1C. Plaintiff shall include a summary of the anticipated testimony of any witnesses who are presently incarcerated.

**Any motion for summary judgment on Plaintiff's behalf must be filed at the time of the filing of his Pretrial Narrative Statement and must comply with Local Rule 56. The Clerk will provide Plaintiff with a copy of Local Civil Rule 56 with this order**.

**On or before December 4, 2026, Defendants shall file any motion for summary judgment**, which must comply with Local Rule 56. **Defendants' Pretrial Narrative Statement will be due thirty days after any final ruling on their motion for summary judgment or, if no such motion is filed, the Statement will be due December 4, 2026.**

Failure to fully disclose in the Pretrial Narrative Statement or at the pretrial conference the substance of the evidence to be offered at trial may result in exclusion of that evidence at the trial. The only exceptions will be (1) matters which the Court determines were not discoverable at the time of the pretrial conference, (2) privileged matter, and (3) matter to be used solely for impeachment purposes.

Plaintiff is advised that his Response to a motion for summary judgment may include opposing or counter affidavit which has either been sworn to under oath (notarized) or include at the end of the affidavit, immediately before the signature, the following in accordance with 28 U.S. § 1746: "I declare under penalty of perjury that the foregoing is true and correct. Executed this ___ day of ___, 20__." Affidavits that are not either notarized or contain a declaration under penalty of perjury as set forth above will not be considered when determining the motion for summary judgment. Plaintiff may attach copies of any depositions, answers to interrogatories or requests for admission, institutional records or other documents Plaintiff requests this Court to consider when addressing the summary judgment motion. Plaintiff's response must comply with

Local Civil Rule 56. All motions for summary judgment will be evaluated under the procedures set forth in Rule 56 of the Federal Rules of Civil Procedure.

**A post-discovery status conference is set for November 10, 2026, at 10:00 a.m**. The conference will be held by video (with the option to appear by telephone), and the Clerk will provide the parties with information on joining the conference.

Dated: July 16,  2026                                           BY THE COURT:

_____
                                           Peter E. Ormsby
                                   United States Magistrate Judge